LANZA v. ROE et al.

(Court of Civil Appeals of Texas. Dallas. Nov. 16, 1912.)

1. PLEADING    (§  214*)—DEMURRER—ADMISSIONS.

A demurrer to a pleading admits the facts well pleaded.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. § 214.*]

2. EXECUTORS AND ADMINISTRATORS (§ 55*)— SEPARATE PROPERTY.

A wife's administrator was entitled· to the management and control of separate property left by her to administer it under the supervision of the probate court.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 306; Dec. Dig. § 55.*]

3. HUSBAND AND WIFE (§ 276*)—COMMUNITY PROPERTY—ADMINISTRATION — ACTIONS—INTERVENTION.

The general creditors of the husband of one of two deceased married women, claimed to have been partners in a business in their own right, could not intervene in a suit by the administrator of one of them against the administrator of the husband of the other, claiming that defendant had wrongfully taken possession of the property as belonging to the community, when it was separate property; there being no showing that the debts cannot be paid out of the husband's estate or that his administrator is not properly defending the suit against him.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1032–1045; Dec. Dig. § 276.*]

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by Luke Lanza, administrator, against J. M. Roe, administrator, and another, in which McDougal, Cameron & Webster intervened. From a judgment dismissing petition, plaintiff appealed. Reversed and remanded.

Lawther & Worsham, of Dallas, for appellant. A. B. Flanary and Short & Field, all of Dallas, for appellees.

RAINEY, C. J. This suit was instituted by Luke Lanza, administrator of the estate of Mary Lanza, deceased, against J. M. Roe, administrator of the estate of W. M. McMasters, deceased, and Manuel Depuma, administrator of the estate of Lena McMasters, deceased. McDougal, Cameron & Webster, claiming to be creditors of the estate of W. M. McMasters, deceased, intervened.

Appellant alleged in his petition that Mary Lanza and Lena McMasters, with the knowledge and consent of her husband, at the time of their death, were engaged in the conduct of a grocery store and saloon in the city of Dallas as a copartnership; that they contributed equally of their means to the purchase of the original stock in trade, and of their labor in the management and conduct of said business; that the moneys advanced by the said Lena McMasters was her separate property, and that the deceased, W. M. Mc-

Masters, had in no wise contributed thereto; that under the agreement existing between them Lena McMasters and Mary Lanza were to share equally the profits and losses accruing from said business, and that on their death they and their administrators were, and became, the joint owners of the goods and fixtures in said store and saloon. Appellant further alleged that on, to wit, the 15th day of August, 1910, W. M. McMasters willfully and maliciously killed Lena McMasters and Mary Lanza, and then died from violence willfully inflicted by his own hand; that on his death the defendant J. M. Roe qualified as his administrator, and as such took charge and control of said store, together with the fixtures and stock in trade, and proceeded to administer upon it as property belonging to his estate; that he sold the goods and fixtures belonging to said store, and appropriated the proceeds of said sale to his own use and benefit, and to the benefit of the estate of W. M. McMasters, deceased; that appellant qualified as the administrator of the estate of Mary Lanza, deceased, and the defendant Manuel Depuma qualified as the administrator of the estate of Lena McMasters, deceased, and as such administrators demanded of the defendant the delivery of said property and the proceeds of said sale, which he declined to do, whereupon this suit was filed. The defendant Manuel Depuma answered, setting up substantially the matters and things alleged in appellant's petition, and prayed for a distribution of the proceeds of the sale of said property as between him and the administrator of the estate of Mary Lanza as appeared to be just and equitable in the premises. Defendant Roe answered by general demurrer and specially, in effect, that the property held by him was the community property of W. M. McMasters, deceased, and his wife, Lena McMasters, deceased, and was held and controlled by him as administrator, duly appointed by the probate court of Dallas county. He further pleaded that he took possession of same as a stakeholder for the benefit of the true parties at interest, and same is subject to the orders of the court.

Interveners' plea, after a general demurrer and general denial, charged as· follows: "For further special answer herein intervener denies that the said Mary Lanza and Lena McMasters were engaged in the conduct and operation of a grocery store and saloon, situated on Elm street, in the city of Dallas, equally interested as copartners, and that the said W. M. McMasters was in no wise interested in said business, and that he contributed nothing to· its establishment or maintenance, but say that the said W. M. McMasters was interested in said business, and that he had the sole charge and man-

agement of the same, and that he contracted debts for goods purchased and placed on sale therein, and that he paid said debts, and that all parties held him out to be the manager and owner of said business, and intervener further says that the business conducted by W. M. McMasters was the community property of himself and wife, Lena McMasters, and that the said W. M. McMasters purchased of intervener groceries and goods from time to time for the purpose of replenishing his stock in trade, and that at the time of his death he was indebted to intervener in the sum of $190.71, and that said account has been duly sworn to, presented to the administrator for allowance, has been allowed by him, and filed in the probate court as a claim against W. M. McMasters' estate; and that the moneys which are now shown to be in the hands of J. M. Roe, administrator of the estate of W. M. McMasters, are in part the proceeds of the sale of the groceries and goods which the said W. M. McMasters purchased of intervener for the purpose of sale to customers of his grocery store. Wherefore, intervener prays ·that plaintiff take nothing by his said suit, and that the defendant J. M. Roe go hence without day with his costs, etc., and that intervener have judgment for its costs, and for all such other and further relief, general and special, in law and in equity, as to the court may seem just and proper in the premises; and as in duty bound intervener will ever pray." Appellant excepted to the plea of intervention of McDougal, Cameron & Webster on the ground of misjoinder of parties, in that they had no such interest in the subject-matter of the suit as gave them the right to intervene, and on the further ground that the estate of W. M. McMasters was in process of administration in the county court, and that that court had exclusive jurisdiction of any claim that interveners had against said estate; and, likewise, of any claim that they had, or might have, against the estate of Lena McMasters and Mary Lanza, whose estates were also undergoing administration in the county court. These exceptions were by the court overruled. The court then sustained the general demurrers of defendant Roe and the interveners to the petition of plaintiff, and upon plaintiff's refusal to amend entered a judgment of dismissal, from which this appeal is taken.

We are of opinion that the court erred in sustaining the general demurrers of defendant Roe and the interveners, McDougal, Cameron & Webster, and dismissing plaintiff's petition.

[1, 2] The petition of Luke Lanza and the answer of Manuel Depuma stated a good cause of action, in that, if the property was the separate property of Lena McMasters, and in which Mary Lanza had an interest, as stated by the petition of Luke Lanza, and answer of Manuel Depuma, and the demurrers admitted such to be the case, they were entitled to have the matter tested by the court in a trial of the matter, and, if found true, they, as administrators, were entitled to the management and control of the property under the supervision of the probate court.

[3] We are also of the opinion that the court erred in overruling the exceptions to the plea of intervention. While the plea, if true, shows a right of recovery against the estate of W. M. McMasters, and also against the estates of Lena McMasters and Mary Lanza, still it does not show any right in interveners to intervene in this suit. There is no allegation that there is no other property of W. M. McMasters' estate out of which this debt can be paid, nor that Roe, McMasters' administrator, is colluding with the other administrators and failing to do his duty as such administrator in not making the proper defense to establish his right to said property as such administrator. Interveners' claim has never been established against the estates of Lena McMasters and Mary Lanza, which are being administered by the probate court, which would be necessary to subject the property to its payment, if it was decreed to be the property of Lena McMasters and Mary Lanza. Under the pleading in this case the district court has no jurisdiction to establish appellant's claim against either estate.

The judgment is reversed, and cause remanded.